NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10013 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00076-LJO-BAM-6 |
| v. | |
| JOSEPH VASQUEZ, Jr., AKA Fat Joe, AKA Joe Vasquez, AKA Joseph Charles Vasquez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Joseph Vasquez, Jr., appeals from the district court's judgment and

challenges the 320-month sentence imposed following his jury-trial conviction for

conspiracy to distribute and possess with intent to distribute methamphetamine, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vasquez contends that the sentence is substantively unreasonable because it does not adequately account for his rehabilitative efforts and because it creates an unwarranted disparity with a co-defendant. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record makes clear that the court accounted for Vasquez's rehabilitation efforts by granting a downward variance, but concluded that a further variance was not warranted because of the role Vasquez played in the drug conspiracy and his previous convictions for drug trafficking. Contrary to Vasquez's argument, the court conducted an individualized assessment of the 18 U.S.C. § 3553(a) sentencing factors, and the below-Guidelines sentence is substantively reasonable in light of those factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51. Moreover, the alleged sentencing disparity is not unwarranted because Vasquez is not similarly situated to his co-defendant. *See United States v. Osinger*, 753 F.3d 939, 949 (9th Cir. 2014).

**AFFIRMED.**

20-10013